**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2017**

---

JEFFREY WALLS,

Plaintiff - Appellant,

versus

SECURITY ENFORCEMENT BUREAU OF NEW YORK,
INCORPORATED; NATIONAL AMUSEMENTS,
INCORPORATED,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, District
Judge. (CA-02-1141)

---

Submitted: June 25, 2004                Decided: September 9, 2004

---

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jeffrey Walls, Appellant Pro Se. Joseph D. McCluskey, LECLAIR
RYAN, Richmond, Virginia; Teresa Burke Wright, JACKSON LEWIS
L.L.P., Vienna, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jeffrey Walls filed a discrimination action raising claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, 2000e to 2000e-17 ("Title VII"), and 42 U.S.C. § 1981 (2000), against the Appellees, National Amusements, Inc. ("NAI"), and Security Enforcement Bureau of New York, Inc. ("SEB"). The district court denied Walls relief and granted the Appellees summary judgment. Walls appeals. We review the district court's grant of summary judgment de novo. Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

Walls asserts the district court erred in concluding he failed to establish a prima facie case of employment discrimination against the Appellees. This is meritless. The district court did not err in concluding Walls failed to establish he was subjected to racial discrimination, or to a hostile work environment, since Walls failed to establish the Appellees subjected him to discriminatory employment practices based on his race, or subjected Walls to an adverse employment action. See generally Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998); see also Von Gunten v. Maryland, 243 F.3d 858, 866 n.3 (4th Cir. 2001). To the extent Walls argues on appeal that the Appellees infringed on his right to contract under 42 U.S.C. § 1981, these deficiencies also preclude

relief.  See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 n.1 (4th Cir. 2002).

Next, Walls asserts the district court erred in concluding he lacked standing to bring a public accommodations claim against the Appellees under 42 U.S.C. § 2000a (2000).  This is meritless.  Walls failed to show he was injured by discriminatory conduct, and consequently, he lacked standing to bring this claim.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-64 (1992).

Finally, Walls asserts the district court erred in granting summary judgment to the Appellees because there were numerous factual issues in dispute.  This is meritless.  None of these factual matters are material to the deficiencies that preclude relief in this action.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Accordingly, we affirm the district court's orders dismissing Walls' discrimination claims and granting summary judgment to the Appellees.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED